# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARTHUR WASHINGTON | * | CIVIL ACTION |
| VERSUS | * | NO: 12-0170 |
| LYNN COOPER, WARDEN | * | SECTION: "S"(6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

## PROCEDURAL HISTORY

Petitioner, Arthur Washington, currently incarcerated in Avoyelles Correctional Center, Cottonport, Louisiana, was charged by bill of information with one count of theft of goods, in violation of LSA-R.S. 14:67.10. (St. rec., vol. 1, p. 11). On June 3, 1998, a trial

by jury was conducted in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. On that same date, petitioner was found guilty as charged. (St. rec., vol. 1, pp. 4-5). On June 19, 1998, the State filed a multiple bill of information against petitioner. (St. rec., vol. 1, pp. 41-42). On August 21, 1998, petitioner was adjudicated a third felony offender and was sentenced to life imprisonment. (St. rec., vol. 1, p. 54).

On September 26, 2000, pursuant to petitioner's appeal, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and adjudication as a third felony offender, but vacated petitioner's life sentence and remanded the matter for resentencing. *State v. Washington*, 769 So.2d 1235 (La. App. 5 Cir. 9/26/00). Thereafter, following a flurry of filings, including writ applications to the Louisiana Supreme Court by both the State and petitioner, the district court, on May 31, 2002, sentenced petitioner to a 16-year term of imprisonment. (St. rec., vol. 3).

Petitioner had five days to seek an appeal of his 16-year sentence. *See* La. Code Crim. P. art. 914.[1] Petitioner, however, did not seek an appeal. As such, petitioner's conviction, habitual offender adjudication, and 16-year sentence were rendered final on June 5, 2002, after the five days available to lodge an appeal expired. *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

---

[1] Pursuant to Acts 2003, No. 949, §1, La.C.Cr.P. art. 914 was amended to provide defendants with 30 days within which to timely appeal their conviction and/or sentence.

Thereafter, petitioner filed two writ applications with the Louisiana Fifth Circuit Court of Appeal claiming that his sentence was excessive.[2] On June 27, 2002, the state appellate court denied petitioner's first writ, providing: "Relator's excessive sentence claim is not subject to review under this Court's grant of supervisory jurisdiction, but rather must be reviewed by way of appeal. Accordingly, this writ application is denied." *Washington v. State*, No. 2002-KH-0646 (La. App. 5 Cir. 6/27/02) (unpublished opinion) (St. rec., vol. 3). On July 11, 2002, the state appellate court denied petitioner's second writ application, providing: "Relator's application duplicates his application previously considered by this Court as Writ No. 02-KH-646. Accordingly, this writ application is denied." *Washington v. State*, No. 2002-KH-0694 (La. App. 5 Cir. 07/11/02) (St. rec., vol. 3). On or about August 19, 2002, petitioner filed a motion for production of documents which the district court granted. (St. rec., vol. 4).

On April 8, 2003, petitioner filed his first post-conviction application with the state district court. (St. rec., vol. 4). On April 21, 2003, the state district court denied petitioner's post-conviction application on the merits. (St. rec., vol. 4). Thereafter, on June 12, 2003, the Louisiana Fifth Circuit, finding no error in the district court's ruling, likewise denied petitioner post-conviction relief. *State ex rel. Washington v. Burl Cain, Warden*, No. 2003-KH-0663 (La. App. 5 Cir. 06/12/03) (unpublished opinion) (St. rec., vol. 5). On June 4,

---

[2]There is no evidence that petitioner pursued his writ applications to the Louisiana Supreme Court.

2004, the Louisiana Supreme Court denied petitioner's writ application on procedural grounds, citing La. C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996). *State ex rel. Washington v. State*, 876 So.2d 81 (La. 2004).

On August 1, 2006, petitioner filed his second post-conviction application with the state district court. (St. rec., vol. 5). On August 17, 2006, the district court denied petitioner's application as untimely pursuant to La.C.Cr.P. art. 930.8 and as repetitive and successive pursuant to La.C.Cr.P. art. 930.4. (St. rec., vol. 5). On October 2, 2006, the Louisiana Fifth Circuit Court of Appeal, finding no error in the district court's August 17, 2006 ruling, denied petitioner post-conviction relief. *Washington v. State*, No. 2006-KH-0715 (La. 5 Cir. 10/2/06) (unpublished opinion) (St. rec., vol. 5). On August 15, 2007, the Louisiana Supreme Court denied petitioner's writ application on procedural grounds, citing La.C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995), along with La.C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996). *State ex rel. Washington v. State*, 961 So.2d 1160 (La. 2007).

On November 2, 2007, petitioner filed a federal petition for habeas corpus with this court. On October 20, 2008, petitioner's habeas application was "DISMISSED in accordance with petitioner's request for voluntary dismissal." *Washington v. Cooper*, No. 2007-7411 (E.D. La. Oct. 20, 2008).

While petitioner's federal habeas application was pending, he filed a series of writ

4

applications with the state courts. Petitioner's effort in this regard culminated on January 30, 2009, when the Louisiana Supreme Court denied his writ application as untimely. *State ex rel. Washington v. State*, 999 So.2d 745 (La. 2009).

Shortly thereafter, petitioner filed a writ application with the Louisiana Supreme Court seeking relief pursuant to *State v. Cordero*, 993 So.2d 203 (La. 2008).[3] On April 24, 2009, the Louisiana Supreme Court transferred the matter to the Louisiana Fifth Circuit. *State ex rel. Washington v. State*, 7 So.3d 1184 (La. 2009). Upon transfer, the matter was set on the state appellate court's docket and assigned writ number 2008-WR-1217.

While the matter, writ number 2008-WR-1217, was pending, petitioner filed another writ application, assigned Writ No. 2010-KH-0107, with the Louisiana Fifth Circuit. The Fifth Circuit consolidated the two matters and, on May 12, 2010, denied relief. *Washington v. State*, No. 2008-WR-1217 c/w 2010-KH-0107 (La. 5 Cir. 05/12/10) (unpublished opinion) (St. rec., vol. 7). The Louisiana Supreme Court, on September 2, 2011, similarly denied relief. *State ex rel. Washington v. State*, 68 So.3d 533 (La. 2011).

---

[3]In *Cordero*, the Louisiana Supreme Court remedied a deficiency in the Louisiana Fifth Circuit's process of reviewing pro se, post-conviction applications for supervisory writs, a process that fell short of the state constitutional requirements. *Cordero*, 993 So.2d at 204-205. Specifically, from February 8, 1994, to May 21, 2007, the Louisiana Fifth Circuit assigned a single judge to review all pro se writ applications while the state's constitution required that the court of appeal "sit in panels of at least three judges." La. Const. Art V, § 8(A). The Louisiana Supreme Court resolved to remand all successive writ applications alleging this deficiency during the relevant period to the Louisiana Fifth Circuit for a properly conducted re-review. *Id*.

5

On January 16, 2012, petitioner filed the above captioned action for federal habeas corpus relief. In its response (rec. doc. 8), the State raises procedural deficiencies in the instant petition, one of which is its alleged untimeliness.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[4] *See* 28 U.S.C. § 2244(d)(1) (West 2012), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's time for seeking review expired on June 5, 2002. Accordingly, petitioner's one-year limitation period commenced running on June 6, 2002, giving him until June 6, 2003, to timely seek habeas corpus relief.

As stated earlier, petitioner filed the instant action on January 16, 2012, over eight years after his June 5, 2003 deadline. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review

---

[4]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As noted earlier, petitioner filed two writ applications, No. 2002-KH-0646 and No. 2002-KH-0694, which were denied by the Louisiana Fifth Circuit Court of Appeal on June 27, 2002, and July 11, 2002, respectively. Because the court has been unable to verify the filing dates of the above-referenced writ applications, the court will assume, for the sake of argument, that the filings were timely and tolled prescription.[5] Accordingly, petitioner's one-year statute of limitations commenced to run on July 12, 2002.[6]

On April 8, 2003, petitioner filed his first post-conviction application, thereby tolling prescription. At that point, over eight months of petitioner's twelve-month statute of limitations had expired.

Petitioner's first post-conviction application remained pending within the state court system until June 4, 2004, when the Louisiana Supreme Court denied petitioner relief. *State ex rel. Washington v. State*, 876 So.2d 81 (La. 2004). Again, the court will assume *arguendo*

---

[5]Petitioner did not, in connection with the above referenced writ applications, seek relief from the Louisiana Supreme Court.

[6]On or about August 19, 2002, petitioner filed a motion for production of documents. However, motions or applications seeking production of documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. *Parker v. Cain*, 2002 WL 922383, at *2 n.22 (E.D. La. 2002); *Boyd v. Ward*, 2001 WL 533221, at *4 (E.D. La. 2001).

that petitioner's statute of limitations remained tolled during the entire period his first post-conviction application was pending in the state courts.

It was not until over two years later, on August 1, 2006, that petitioner filed his second post-conviction application. By that time, his one-year prescriptive period had long expired.[7] Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000) (citing

---

[7] The court notes that petitioner filed numerous state writ applications, along with a federal habeas petition, following the expiration of his prescriptive period. However state applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of the instant action. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, 2000 WL 1023423, at *4 (E.D. La. 2000); *Williams v. Cain*, 2000 WL 863132, at *2 (E.D. La. 2000). Further, a "federal habeas proceeding 'is not an application for State post-conviction or other collateral review within the meaning of § 2244(d)(2)' and, as such does not toll the AEDPA's one-year statute of limitations." *Qatoum v. Leblanc*, 2009 WL 3052675, at *3 (E.D. La. 2009) (quoting *Spears v. Tappin*, 2008 WL 3849900, *1 (M.D. La. 2008) (citing *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001)) (additional quotation and citation omitted).

*Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers no basis for equitably tolling prescription nor has this court's review of the record uncovered any such basis. Accordingly;

### RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner be **DENIED WITH PREJUDICE** as untimely.[8]

It is further **RECOMMENDED** that petitioner's motion to show cause why he should not be granted habeas corpus relief (rec. doc. 18) be **DENIED** as moot.

It is further **RECOMMENDED** that petitioner's motion for discovery (rec. doc. 20) be **DENIED** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

---

[8] In addition to its claim that petitioner's habeas application is subject to dismissal because it is untimely, the State also argues that the instant matter is procedurally barred. (Fed. doc. 19, pp. 20-24). However, in light of this court's finding of untimeliness, there is no need to address the State's procedural bar argument.

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[9]

    New Orleans, Louisiana, this __5th__ day of _____June_____, 2012.

                                          LOUIS MOORE, JR.
                                          United States Magistrate Judge

---

[9]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.