UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARTHUR WASHINGTON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 12-0170** |
| **LYNN COOPER, WARDEN** | * | **SECTION: "S"(6)** |

**ORDER**

The Court, having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Petitioner argues that the prescriptive period should be equitably tolled because he received ineffective assistance of counsel in the trial court. Petitioner does not allege that he received ineffective assistance of counsel in post-conviction proceedings that resulted in the expiration of the statute of limitations for filing his federal *habeas corpus* petition. Further, "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008). Thus, petitioner's ineffective assistance of counsel claim does not justify equitable tolling.

Petitioner also argues that his multiple bill conviction violates the *ex post facto* clause due to a change in the Louisiana law habitual offender law, Louisiana Revised Statutes § 15:529.1, that occurred in 2001, after he sentenced. This claim goes to the merits of petitioner's *habeas corpus* petition. It is not a ground for equitable tolling. Petitioner knew of this claim long before the expiration of the statute of limitations for filing his federal *habeas corpus* petition expired on July 12, 2002, because the statute was revised in 2001. Therefore, this claim does not justify equitable tolling.

Therefore,

**IT IS ORDERED** that the petition of Arthur Washington for issuance of a writ of habeas corpus under 28 U.S.C. § 2254, is hereby **DENIED WITH PREJUDICE.**

New Orleans, Louisiana, this __27th__ day of _____June_____, 2012.

UNITED STATES DISTRICT JUDGE